James R. STASNY, Petitioner,

v.

UNITED STATES POSTAL SERVICE, Respondent.

No. 02–3023.

United States Court of Appeals, Federal Circuit.

Oct. 10, 2002.

Before RADER, Circuit Judge, ARCHER, Senior Circuit Judge, and SCHALL, Circuit Judge.

PER CURIAM.

James R. Stasny ("Stasny") seeks review of the Merit Systems Protection Board's ("Board") decision dismissing his restoration appeal for lack of jurisdiction. *Stasny v. United States Postal Service*, No. DE–0353–00–0227–I–2 (M.S.P.B.

Jan.18, 2001). Because we agree that Stasny's appeal fell outside the Board's jurisdiction, we *affirm*.

## DISCUSSION

Our review of an appeal from a Board decision is limited. Where there has been no allegation of procedural error and no challenge to the Board's findings of fact, we will reverse the Board's decision only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *See* 5 U.S.C. § 7703(c) (1994). We review the Board's determinations of law *de novo*. *See Perry v. Dep't of the Army*, 992 F.2d 1575, 1578 (Fed.Cir.1993). And the jurisdiction of the Board is such a legal question.

Stasny argues that the grievance settlement did not divest the Board of jurisdiction for two reasons: 1) the grievance settlement did not waive his Board appeal rights; and 2) the grievance settlement lacked consideration and was therefore invalid.[1]

As a preference eligible, Stasny had access to both grievance procedures under a collective bargaining agreement and the right to appeal an adverse personnel action to the Board. In *Mays v. United States Postal Service*, 995 F.2d 1056, 1060 (Fed. Cir.1993), we detailed what was necessary for a preference eligible to preserve his right of appeal to the Board when he also grieved an adverse action and ultimately settled that action. Specifically, we held that a preference eligible must expressly reserve his right of appeal to the Board to keep such an avenue open to him. *See id.*

Stasny appealed the United States Postal Services' ("USPS" or "the agency") "den[ial] of full restoration [to his previous employment position] after [he] partially recover[ed] from a compensable injury" to the Board. The Board held that a grievance settlement divested the Board of jurisdiction over the appeal. Grievance number 98–355 alleged improper cross-craft restoration and was subsequently settled by the parties. The settlement stated

> *As a final and complete settlement* of the subject grievance and without prejudice to the position of either party in this or any other case, and with the understanding that this settlement shall not be cited by either party in any other grievance proceedings or in any other forum, *the following resolution* has been arrived at between the parties.

After careful consideration of all relevant facts and contentions presented, *it was mutually agreed to resolve this grievance* as follows:

*The parties agree to settle this grievance.* Management will assign a representative to work with APWU [American Postal Workers Union] Representative Don Woods to do a job matrix. The two representatives will complete the matrix to see if there is a limited duty job within the clerk craft that falls within the grievant's limitations. If the parties cannot agree whether the job exists or not the grievance may be appealed on to Step 3 of the grievance process.

(emphases added)[2]

Stasny contends that the language of the settlement agreement preserved his right to a Board appeal: "[t]he clear language of the settlement agreement reflects the intent of the parties that the Step 2 resolution should not adversely affect any other claims and that the resolution would not be cited in any other proceeding." We dis-

---

1. At least three grievances were filed by or on behalf of Stasny, all of which were resolved in one form or another. Because Stasny's appeal to the Board claimed only improper cross-craft restoration, we discuss only the settlement agreement pertaining to this issue.

2. The parties never agreed to a suitable clerk-craft position, and there is no record of Stas-

agree. The "clear language" of the settlement agreement reflects that the settlement is to be "final and complete" and that the "parties agree *to settle* this grievance." (emphasis added). Had Stasny grieved to the next level, Step 3, the Step 2 resolution could not be cited. This language relied on by Stasny did not indicate that appeal to the Board had been preserved.

Thus, the phrase "final and complete settlement of the subject grievance" is undeniably directed to the underlying restoration action. *See Mays,* 995 F.2d at 1059. And as we stated in *Mays,* "[i]t defies logic that [an agency] would have chosen to settle [a] grievance at all … if it anticipated the dispute would continue in the form of a board appeal." *Id.* We see no distinction between the rationale applied in *Mays* and the present case. Both situations involved similar language in agreements settling the underlying grievance—in *Mays* a removal and here a restoration.

In *Mays* we held that the burden is on the employee to expressly reserve the additional procedure, here of appealing to the Board, if he chooses to settle a grievance. Looking at the language in the settlement agreement in this case, we cannot say that Stasny "expressly reserved" the right to appeal to the Board.

Stasny's remaining argument concerns the validity of the settlement agreement. He contends that the agreement is invalid for lack of consideration. As the administrative judge ("AJ") noted, the Board has repeatedly held that it has no authority to enforce or invalidate a settlement agreement that has not been incorporated into the record of a Board appeal of an action over which the Board has jurisdiction. *See, e.g., Danelishen v. United States Postal Service,* 43 M.S.P.R. 376, 379–80 (1990). Stasny asserts that "[t]he Board has consistently analyzed settlement agreements

using fundamental principles of contract law." While it is true that the Board has analyzed settlement agreements, this occurs when the settlement agreement has been entered into the record below. *See id.* Indeed, the cases Stasny cites for his proposition that the Board determines the validity of settlement agreements, *Bohan v. United States Postal Service,* 31 M.S.P.R. 601 (1986) and *Murphy v. Veterans Admin.,* 41 M.S.P.R. 666 (1989), both involved settlements which were entered into the record. Stasny's grievance settlement was not accepted into the record as part of a prior Board proceeding—in fact, the Board so stated. *See Stasny,* No. DE–0353–00–0227–I–2 at 5. Accordingly, we hold that here the Board lacked jurisdiction to evaluate the validity of the settlement agreement.

For the reasons stated above, the decision of the Board is affirmed.

No costs.

---

ny or APWU officials pursuing the grievance at the Step–3 level.